UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS

_____
                                    )
**ERIC DURAND,**                    )
                                    )          CIVIL ACTION
            **Petitioner,**         )
                                    )          NO. 18-40158-TSH
            v.                      )
                                    )
**COLETTE GOGUEN,**                 )
                                    )
            **Respondent.**         )
_____ )


**ORDER AND MEMORANDUM ON PETITIONER'S PETITION FOR WRIT OF
HABEAS CORPUS AND MOTION FOR STAY (Docket Nos. 1 & 2)**

**June 28, 2019**

**HILLMAN, D.J.**

Petitioner Eric Durand ("Durand") filed a petition for writ of habeas corpus based on twelve grounds: (1) limitation of his right to cross-examine the Commonwealth's expert in violation of his Sixth Amendment rights; (2) the denial of his motion to suppress statements: (3) the admission of hearsay testimony by one of the Commonwealth's experts; (4) the Commonwealth's improper comments during closing statements; (5) improper admission of Durand's taped interrogation; and ineffective assistance of counsel based on (6) failure to move to suppress the video of Durand's interrogation; (7) failure to hire an expert pediatric forensic pathologist; (8) failure to hire an expert forensic dentist; (9) failure to challenge the Commonwealth's timeline of the alleged events; (10) failure to object to jury instructions; (11) failure to object to the trial judge's restriction of cross-examination of the Commonwealth's medical examiner; (12) and failure to hire a biomechanical engineer. (Docket No. 1).

Collette Goguen ("Respondent") moves to dismiss because Durand has failed to exhaust eight of the twelve grounds he raised in his Petition. (Docket No. 11). Although Durand did not respond to Respondent's motion to dismiss, before that motion was filed, Durant filed a motion to stay his Petition and hold it in abeyance. (Docket No. 2).

For the reasons stated below, Durand's Petitioner (Docket No. 1) is **_denied_**, subject to the conditions outlined below. In addition, because Durand has not demonstrated good cause for his unexhausted claims, his request to stay his Petition (Docket No. 2) is also **_denied_**.

## Background

In 2006, Durand was convicted by a jury of first-degree murder and assault and battery by means of a dangerous weapon, in connection with the death of a four-year-old child. Because of errors in that trial, the Massachusetts Supreme Judicial Court ("SJC") reversed those convictions and remanded the case to the Superior Court for a new trial. *Commonwealth v. Durand*, 457 Mass. 574, 601 (2010).

On August 29, 2011, a jury again found Durand guilty of first-degree murder and assault and battery by means of a dangerous weapon. The judge sentenced Durand to life in prison without the possible of parole for the murder conviction to be served concurrently with a term of two to four years on the assault and battery conviction. Durand again appealed his conviction and asserted several errors:

> (1) the limitation of his right to cross-examine the medical examiner; (2) the denial of his motion to suppress statements; (3) the denial of the motion for a mistrial after the jury were exposed to inadmissible evidence; (4) the admission of hearsay testimony by one of the Commonwealth's expert witnesses; (5) the denial of the motion for a mistrial related to improper statements made during closing arguments; (6) the denial of the motion to dismiss on double jeopardy grounds for prosecutorial misconduct; and (7) the denial of a requested jury instruction.

*Commonwealth v. Durand*, 475 Mass. 657, 658-59 (2016). Although the SJC found the Commonwealth improperly referenced an inadmissible statement in its closing, that error did "not require a reduction in [Durand's] verdict or a new trial" pursuant to Mass. Gen. Laws ch. 278, § 33E. *Id.* at 674.

On November 28, 2016, Durand filed a petition for a rehearing in the SJC, which was denied on January 27, 2017. Durand then filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on October 2, 2017. On September 21, 2018, Durand petitioned for a writ of habeas corpus in this Court.

**Legal Standard**

*1. AEDPA*

The standard of review for habeas corpus petitions is set forth in 28 U.S.C. § 2254(d), as amended by the AEDPA. *Harrington v. Richter*, 562 U.S. 86, 97 (2011). Under this standard, a federal court may only grant the writ if the underlying state court adjudication resulted in a decision that either "(1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Brown v. Ruane*, 630 F.3d 62, 66-67 (1st Cir. 2009) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

A state court decision is "contrary to" clearly established Supreme Court precedent when "it applies a rule that contradicts the governing law set forth in the Court's cases or if it confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a different result." *Price v. Vincent*, 538 U.S. 634, 634-35 (2003). A state court unreasonably applies clearly established Supreme Court precedent "if it correctly identifies the

3

governing legal rule but applies that rule unreasonably to the facts of a particular case." *White v. Woodall*, 134 S.Ct. 1697, 1706 (2014). "Evaluating whether a rule application was unreasonably requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Harrington v. Richter*, 562 U.S. 86, 102 (2011); *see also Williams v. Taylor*, 529 U.S. 362, 410 (2000) ("an *unreasonable* application of federal law is different from an *incorrect* application of federal law."). Thus, in order to prevail on a petition for habeas under 28 U.S.C. § 2254(d)(1), the petitioner must demonstrate that "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 101.[1]

In addition, a petitioner is not entitled to habeas relief on the basis of a non-structural constitutional error, unless he "can establish that it resulted in 'actual prejudice.'" *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Specifically, a petitioner must show that the error "had substantial and injurious effect or influence in determining the jury's verdict." *Id.* (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). Further, "when a state court determines that a constitutional violation is harmless, a federal court may not award habeas relief under § 2254 unless *the harmlessness determination itself* was unreasonable." *Fry v. Pliler*, 551 U.S. 112, 119 (2007) (emphasis in original); *see also Connolly v. Roden*, 752 F.3d 505, 511 (1st Cir. 2014) ("There is clear logic [to this framework]: if an error had a 'substantial and injurious' effect on a jury's verdict . . . then it is necessarily unreasonable to conclude that the error was harmless beyond a reasonable doubt.").

---

[1] The instant petition only implicates the first ground for relief—that the state court decision contrary to, or an unreasonable application of, federal law.

4

## 2. *Exhaustion Requirement*

Federal courts "will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." *Adelson v. DiPaola*, 131 F.3d 259, 261 (1st Cir. 1997) (citation omitted). The exhaustion requirement provides "the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). "Where, as here, a state's highest court offers discretionary review, a petitioner must present that court with the opportunity to review the federal claim to have exhausted available state remedies." *Josselyn v. Dennehy*, 475 F.3d 1, 3 (1st Cir. 2007).[2]

The Supreme Judicial Court has the power of discretionary review over decisions of the Massachusetts Appeals Court. An unsuccessful party before the Appeals Court seeks discretionary review from the SJC by filing an application for leave to obtain further appellate review ("ALOFAR"). Mass. R. App. P. 27.1(b). The ALOFAR must include "a statement of the points with respect to which further appellate review of the decision of the appeals court is sought." *Id.* 27(b)(4); *see also Baldwin*, 541 U.S. at 31 (noting that a requirement that the highest state court review the lower appellate opinion to consider issues not included in the petition for discretionary review "would impose a serious burden upon judges of state appellate courts."). The ALOFAR is "the decisive pleading" for purposes of determining whether the petitioner has satisfied the exhaustion requirement. *Adelson v. DiPaola*, 131 F.3d 259, 263 (1st Cir. 1997). Thus, exhaustion requires that the issue must be raised "within the four corners of the ALOFAR." *Mele v. Fitchburg Dist. Court*, 850 F.2d 817, 820 (1st Cir. 1988).

---

[2] A petitioner need not exhaust his claims if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Additionally, the Commonwealth may expressly waive the requirement. 28 U.S.C. § 2254(b)(3). I find that none of these exceptions apply here and therefore do not address them.

### 3. Mixed Petitions

The Supreme Court has made clear that a federal district court cannot adjudicate a mixed habeas corpus petition, that is, a petition containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). The petitioner may return to state court in order to exhaust his claims or may amend and resubmit the habeas petition to present only the exhausted claims. *Id.* at 510. As part of AEDPA, however, Congress adopted a one-year statute of limitations for the filing of fully-exhausted claims in a federal habeas petition and did not provide for the tolling of the limitations period while a habeas petition was pending in federal court. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Consequently, petitioners who come to federal court with a mixed petition run the risk of forever losing their opportunity for any federal review of their unexhausted claims. This is because dismissal of a timely filed federal habeas petition containing unexhausted claims after the limitations period has expired will likely mean the termination of any federal review. To remedy this problem, the Supreme Court approved a "stay and abeyance" procedure whereby rather than dismissing a mixed petition, a district court can stay the petition and hold it in abeyance while the petitioner exhausts the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269 (2005). Once all the claims have been exhausted, the district court can lift the stay and adjudicate the petition.

The Court in *Rhines*, however, recognized that applying the "stay and abeyance" procedure too frequently could undermine Congress' intent under the AEDPA to encourage finality in criminal proceedings and to streamline the federal habeas process. *Rhines*, 544 U.S. at 277. Thus, to obtain a stay of a mixed petition, the petitioner must show that there was "good cause" for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics. *Id.* at 278.

**Discussion**

Durand has not exhausted Grounds Five through Twelve. I find that his claims are not plainly meritless, and he did not employ dilatory tactics. Thus, I must determine whether Durand has good cause to excuse his failure to exhaust. Durand contends that his failure to exhaust Grounds Five through Twelve "stems both from an inherent conflict of interest with his trial attorneys also representing him on his direct appeal and also from his appellate counsels' ineffectiveness." (Docket No. 1, at 12-15).

There is a presumption that when counsel focuses on some issues to the exclusion of others, that it is done for "tactical reasons rather than through sheer neglect." *Knight v. Spencer*, 447 F.3d 6, 17 (1st Cir. 2006) (quoting *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003)). However, when trial and appellate counsel are the same, counsel cannot be expected to raise ineffective assistance claims. *See Ciak v. United States*, 59 F.3d 296, 303 (2d Cir. 1995) ("We cannot expect ineffective assistance claims to be raised on direct appeal—and therefore we should not penalize a petitioner for failing to raise them—when a petitioner's counsel on direct appeal also represented him at trial."); *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000) ("[C]ounsel cannot be expected to raise his own ineffectiveness on appeal . . . ."); *Flemmi v. United States*, 2007 WL 2028988, at *1 (D. Mass. July 11, 2007) (noting "the awkwardness of asking trial counsel to address the issue of his own alleged ineffectiveness").

While this conflict of interest does explain why Durand did not raise the issue on direct appeal, he could have returned to state court to exhaust his ineffectiveness claims before filing his Petition in this Court. *See McCowen v. Mendosa*, 2012 WL 5875597, at *2 (D. Mass. Nov. 19, 2012) (finding no good cause to excuse failure to exhaust ineffective assistance claim where "the very lawyer who was ineffective at trial handled [petitioner's] appeal, thus preventing him from

7

raising the issue on appeal"); [3] *Santana*, 2015 WL 4576913, at *3 (declining to grant a stay where petitioner asked Court to stay federal habeas proceedings while he pursued two ineffective assistance of trial counsel claims in a motion for a new trial in state court). Durand "has not articulated a basis for, much less explained, his failure to file a motion for and new trial on such grounds." *Carreiro v. Saba*, 2010 WL 817477, at *4 (D. Mass. Mar. 5, 2010); *see also Commonwealth v. Egardo*, 426 Mass. 48, 50 (1997) (holding that where trial and appellate counsel are both employed by same law firm, defendant may raise an ineffective assistance of trial counsel claim for the first time in a motion for a new trial even though appellate counsel failed to raise the claim on direct appeal); *Commonwealth v. Zinser*, 446 Mass. 807, 810 (2006) (noting the "well-established principle that the preferred method for raising a claim of ineffective assistance of counsel is through a motion for a new trial"). Accordingly, I do not find that there is good cause for Durand's failure to exhaust.[4]

---

[3] The court in *McCowen* did, however, grant a stay because dismissal would have foreclosed the petitioner from returning to the federal court with a later petition because the limitations period would have expired. While the same is likely true here, "the risk that the limitations period will expire, standing alone, cannot constitute good cause for a stay and abeyance." *Womack v. Saba*, 2012 WL 685888, at * 3 (D. Mass. Mar. 1, 2012); *see also Santana v. Ryan*, 2015 WL 4576913, at *4 (D. Mass. July 30, 2015) ("[A] petitioner's inability to show good cause, by itself, precludes a stay.").

[4] Some district courts, however, have found good cause in similar situations. *See, e.g.*, *Childress v. Palmer*, 2013 WL 4414889, at *2 (E.D. Mich. Aug. 14, 2013); *Sondey v. Wolfenbarger*, 2006 WL 2085980, at *2 (E.D. Mich. July 25, 2006). *But see Sadowski v. Grounds*, 358 F. Supp. 3d 1064, 1073 (C.D. Cal. 2019) ("Petitioner has not explained how any alleged ineffectiveness of *trial* or *appellate* counsel caused Petitioner to fail to exhaust his claims in state habeas proceedings before filing the instant Petitioner . . . ." (emphasis in original)); *Storey v. Paramo*, 2018 WL 454688, at *2 (S.D. Cal. Jan. 17, 2018) ("Storey's appellate counsel's performance has nothing to do with Storey's own failure to exhaust his claims by filing a habeas petition in the California Supreme Court.").

In addition, some courts have found good cause in situations where the same counsel represented a petitioner at state appellate and state post-conviction proceeds and failed to raise his/her own ineffectiveness. *See, e.g.*, *Dewey v. Myles*, 2016 WL 320122, at *2 (D. Nev. Jan. 26, 2016) (finding good cause where "in her first state habeas action [petitioner] was represented by the same attorney who represented her on her direct appeal, and that attorney could not have raised, without conflict, claims regarding his own ineffectiveness"); *Bonilla v. Davis*, 2016 WL 7227875, at *2-3 (N.D. Cal. Dec. 13, 2016) ("An attorney who serves as both appellate counsel and state habeas counsel experiences a conflict of interest in presenting the first post-conviction petition because he cannot be expected to raise issues of his own ineffectiveness.").

8

**Conclusion**

For the reasons stated above, Durand's petition for habeas corpus (Docket No. 1) is **_denied_** subject to the conditions that:

(1) Durand has thirty (30) days from the date of the entry of this memorandum and order to advise this court whether he intends to proceed based on his exhausted claims;

(2) At the conclusion of the thirty (30) days, unless this court has been advised of Durand's intention to proceed with his exhausted claims, this conditional denial will become final.

Further, because Durand has failed to demonstrate good cause, his motion to stay his case while he proceeds in state court on his unexhausted claims (Docket No. 2) is likewise **_denied_**.

**Certificate of Appealability**

The statute governing appeals of final orders in habeas corpus proceedings provides that an appeal is not permitted "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks and citation omitted). This is a low bar; a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

Where a habeas petition has been dismissed on a procedural ground, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was

correct in its procedural ruling." *Slack*, 529 U.S. at 484. No reasonable jurist could debate that some of Durand's claims are unexhausted. Reasonable jurists could debate, however, whether Durand had good cause to excuse his failure to exhaust.[5] Because the First Circuit has offered "little authority on what constitutes good cause for failing to exhaust state remedies," *Watt v. Marchilli,* 217 F. Supp. 3d 434, 440 (D. Mass. 2016) (quotation marks omitted), and because "it would likely be an abuse of discretion" for this Court to improperly dismiss a mixed petitioner where good cause exists, *see DeLong v. Dickhaut*, 715 F.3d 382, 387 n.4 (1st Cir. 2013), I find that it is appropriate to grant a COA on this issue to ensure that Durand is not improperly precluded from obtaining collateral review.[6]

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN
DISTRICT JUDGE**

---

[5] As noted above, some district courts have found good cause under similar circumstances.
[6] Based on my review of the record, I also find that reasonable jurists would find it debatable whether Durand states a valid claim of the denial of a constitutional right.