UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS

_____
                                    )
**ERIC J. DURAND,**                 )
           **Petitioner,**  )   **CIVIL ACTION**
                                    )   **NO. 4:18- 40158-TSH**
           **v.**           )
                                    )
**COLLETTE GOGUEN,**                )
           **Respondent.**  )
_____ )


**ORDER AND MEMORANDUM ON PETITIONER'S REQUEST TO STAY THE
HABEAS CORPUS PROCEEDINGS PENDING APPEAL OR IN THE ALTERNATIVE
PETITIONER WILL VOLUNTARILY DISMISS CLAIMS FIVE THROUGH TWELVE
IN PETITIONER'S HABEAS CORPUS PETITION AND MOTION TO AMEND THE
COURT'S MEMORANDUM OF DECISION OF 6/28/2019 DENYING PETITIONER'S
STAY TO CERTIFY THE DECISION FOR INTERLOCUTORY REVIEW PURSUANT
TO 28 U.S.C. § 1292(b) AND GRANT PETITIONER'S REQUEST TO STAY PENDING
APPEAL (Docket Nos. 16 & 28)**

**November 12, 2019**

**HILLMAN, D.J.**

      On September 21, 2018, Eric J. Durand ("Petitioner") moved to stay his Petition for a Writ of Habeas Corpus while he pursued grounds five through twelve in state court. (Docket Nos. 1 & 2). The Court denied the motion on June 28, 2019, finding that Petitioner had not shown good cause to justify a stay under *Rhines v. Weber*, 544 U.S. 269 (2005) (the "June Order"). (Docket No. 14 at 7–8). But recognizing that some courts have reached an opposite conclusion under similar circumstances, the Court issued a certificate of appealability as to whether representation by the same attorney at the trial and appellate level creates good cause for the failure to exhaust an ineffective assistance of counsel claim. (Docket No. 14 at 9–10). Petitioner now moves for the Court to certify the June Order for interlocutory appeal and to stay his petition pending resolution of any appeal. (Docket Nos. 16 & 28).

Under § 1292(b), a district court may certify an order for interlocutory appeal if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Interlocutory appeals should be issued "sparingly and only in exceptional circumstances." *Toxics Action Ctr., Inc. v. Casella Waste Sys., Inc.*, 365 F. Supp. 3d 212, 214 (D. Mass. 2019) (quoting *McGillicuddy v. Clements*, 746 F.2d 76, 77 (1st Cir. 1984)). The Court determines that this case does not present any "exceptional circumstances" warranting the issuance of an interlocutory appeal. (Docket No. 28).

First, the Court's decision does not rest on a controlling question of law. "A controlling question of law usually involves a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than an application of law to the facts." *Johansen v. Liberty Mut. Grp., Inc.*, No. 1:15-CV-12920-ADB, 2017 WL 937712, at *1 (D. Mass. Mar. 9, 2017) (internal quotation marks omitted). Here, whether Petitioner has shown good cause involves the application of law to the facts of his case. It has no bearing on the legal standard which the Court will ultimately apply the merits of his claims.

Second, the contention that an interlocutory appeal would materially advance the termination of this litigation is mere conjecture. *See In re Zofran (Ondansetron) Prod. Liab. Litig.*, 235 F. Supp. 3d 317, 320 (D. Mass. 2017) (declining to certify an interlocutory appeal where defendant's contention that the appeal would materially advance the termination of the litigation was conjecture). Petitioner claims that allowing him to pursue an interlocutory appeal will save time. (Docket No. 28 at 7). But it will only save time if the Court denies his four remaining claims and the appellate court reverses the finding of no good cause, neither of which is certain at this juncture. And in any event, the First Circuit has held that "the fact that

appreciable trial time may be saved is not determinative." *Caraballo-Seda v. Municipality Of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005) (internal quotations omitted).

Because Petitioner has failed to establish two of the three requirements for certifying an interlocutory appeal, the Court ***denies*** his motion. (Docket No. 28). And because the Court declines to find that an interlocutory appeal without certification constitutes good cause under *Rhines*,[1] the Court also ***denies*** his request to stay his petition pending resolution of the appeal. (Docket No. 16). However, the Court ***grants*** Petitioner's motion to dismiss grounds five through twelve from his petition. (Docket No. 16). The June Order instructed Petitioner "to advise this court whether he intends to proceed based on his exhausted claims." (Docket No. 14). Because he timely informed the Court that he intends to proceed based on his exhausted claims, Petitioner may proceed with grounds one through four.

## Conclusion

For the reasons stated above, the Court ***denies*** Petitioner's Motion to Amend the Court's June 28, 2019, Decision (Docket No. 28); and ***grants*** in part and ***denies*** in part Petitioner's Request to Stay the Habeas Corpus Proceedings Pending Appeal or in the Alternative Petitioner Will Voluntarily Dismiss Claims Five Through Twelve in Petitioner's Habeas Corpus Petition (Docket No. 16). Claims five through twelve of the petition are dismissed.

**SO ORDERED**

                                        ***/s/ Timothy S. Hillman***
                                        **TIMOTHY S. HILLMAN**
                                        **DISTRICT JUDGE**

---

[1] Petitioner admits that, absent certification from this Court, "it is debatable whether the Court of Appeals has jurisdiction to hear petitioner's appeal." (Docket No. 16 at 2).